UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| JAMES R. MATHUSA ) | Case No.  6:10-bk-13336-KSJ |
| MARILYNN M. MATHUSA, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |

MEMORANDUM OPINION OVERRULING TRUSTEE'S OBJECTION
TO DEBTORS' AMENDED CLAIM OF EXEMPTIONS

The debtors, James and Marilynn Mathusa, claim an exemption under both Florida and federal law for funds held in an individual retirement account that Marilynn inherited from her mother.[1]  The Chapter 7 Trustee, Leigh R. Meininger, objects, arguing the debtors' inherited IRA is not exempt under any theory or law.[2]  Because the Court concludes that the inherited IRA is exempt under §522(b)(3)(C) of the Bankruptcy Code,[3] the trustee's objection is overruled.

The debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 29, 2010.  In their Amendment to Schedule C, the debtors claimed an exemption under Florida Statutes § 222.21(2) and Bankruptcy Code §§ 522(b)(3)(C) / 522(d)(12) for funds held in the "Raymond James Financial Services, Inc. IRA Retirement Account" ("IRA") in the amount of $16,938.84.[4]  Marilynn's mother maintained the IRA following all tax exemption rules during her life and, upon her death, bequeathed the IRA to the debtors.  Upon receipt of the inherited IRA, the debtors made a trustee-to-trustee transfer of the IRA and followed the required formalities for an "inherited" IRA under the Internal Revenue Code.

---

[1] Doc. No. 20.
[2] Doc. No. 22.
[3] All references to the Bankruptcy Code shall be to Title 11 of the United States Code.
[4] Doc. No. 20.  The trustee has withdrawn his objection to the debtors' claim of exemption arising under Florida Statute § 222.25(4), the so-called "Wildcard Exemption," which allows debtors to claim exemption in any type of personal property.  As such, the debtors are entitled to an exemption of additional personal property listed on Schedule C for any remaining amount available to them under § 222.25(4).

The issue is whether an inherited IRA loses its tax exempt status so that beneficiaries, such as these debtors, are precluded from exempting funds held in an inherited IRA. The trustee argues that an inherited IRA does not qualify for exemption under Florida Statutes § 222.21(2) or Bankruptcy Code §§ 522(b)(3)(C) / 522(d)(12).[5] An exemption once claimed by the debtor protects the debtor's interest in the property from creditors.[6] A debtor's claim of exemption is presumptively valid unless a party in interest objects.[7] The objecting party has the burden of establishing by a preponderance of the evidence that the debtor's exemptions are not properly claimed.[8] Exemptions are generally construed liberally in favor of the debtor whenever there is an ambiguity.[9]

Section 522(b) of the Bankruptcy Code allows states to opt-in or opt-out of the federal exemption scheme provided by the Code.[10] If a state opts-in, § 522(b)(2) applies. If a state opts-out, § 522(b)(3) applies. Florida has opted out of the federal exemptions.[11] Thus, § 522(b)(3) applies to Florida bankruptcy proceedings.

Pursuant to § 522(b)(3)(C), the debtors may take an exemption for:

> retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.[12]

The language in § 522(b)(3)(C) is identical to § 522(d)(12). Both of these provisions were added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Pre-BAPCPA, debtors in states, such as Florida, that opted-out of the federal exemptions had to look solely to state law for retirement fund exemptions. Under the current law, § 522(b)(3)(C) and § 522(d)(12) afford equal treatment to exemption claims of

---

[5] Doc. No. 22.
[6] *See* 11 U.S.C. § 522.
[7] 11 U.S.C. § 522(l)
[8] Fed. R. Bankr. P. 4003(c)(2005); *In re Pettit*, 224 B.R. 834, 840 (Bankr. M.D. Fla. 1998).
[9] *In re Stevenson*, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007).
[10] 11 U.S.C. § 522(b).
[11] Fla. Stat. § 222.20 (2010).
[12] 11 U.S.C. § 522(b)(3)(C).

retirement funds whether a state opts-in or opts-out.[13]  Therefore, in this case, the debtors must rely on § 522(b)(3)(C), because Florida is an opt-out state; however, decisions interpreting the identical provision, § 522(d)(12), applicable in opt-in states are helpful.

The Bankruptcy Appellate Panel for the Eighth Circuit recently interpreted the application of the federal exemption scheme to inherited IRAs.[14]  The *Nessa* court found that for an IRA to be exempt under § 522(d)(12), it must meet only two requirements: "(1) the amount the debtor seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code set forth therein." [15]  The court found that the debtor's inherited IRA satisfied both requirements, noting that § 522(d)(12) does not require that the retirement funds be the *debtor's* retirement funds.[16]  The court concluded that the debtor's inherited IRA was exempt from taxation under Section 408 of the Internal Revenue Code and thus satisfied the requirements of § 522(d)(12).[17]

The *Nessa* court further noted that § 522(b)(4)(C) supports the position that inherited accounts are exempt under the Bankruptcy Code.[18]  Section 522(b)(4)(C) states, in pertinent part, that:

> [a] direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section…408…of the Internal Revenue Code of 1986,…shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer.[19]

This Court now adopts and extends the reasoning in *Nessa* to an inherited IRA claimed as exempt under § 522(b)(3)(C).  Although Florida has opted-out of the federal exemption scheme provided in § 522(d), § 522(b)(3)(C) applies to Florida bankruptcy proceedings.  An inherited IRA is a retirement fund under § 522(b)(3)(C) and is exempt from taxation under § 408 of the

---

[13] *In re Tabor*, 433 B.R. 469, 475 (Bankr. M.D. Pa. 2010).
[14] *In re Nessa*, 426 B.R. 312, 314 (8th Cir. BAP 2010).
[15] *Id.*
[16] *Id.*
[17] *Id.* at 315.
[18] *Id.*
[19] 11 U.S.C. § 522(b)(4)(C).

Internal Revenue Code. Additionally, § 522(b)(4)(C) provides that the direct transfer of funds from Marilynn's mother's IRA to the debtors' Raymond James account did not destroy the debtors' ability to claim the funds exempt under § 522(b)(3)(C). The trustee's objection is overruled. The debtors' inherited IRA is exempt from claims of creditors pursuant to § 522(b)(3)(C).[20]

A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on March 28, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtors: **James R. Mathusa, Marilynn M. Mathusa**, 971 Sable Lane, Rockledge, FL 32955

Debtors' Counsel: **David L. Wildman**, David L. Wildman, P.A., Post Office Box 1029, Melbourne, FL 32902-1029

Trustee: **Leigh R. Meininger**, P.O. Box 1946, Orlando, FL 32802-1946

Trustee's Counsel: **John Henry Meininger, III**, P.O. Box 1946, Orlando, FL 32802-1946

**United States Trustee**, 135 W. Central Blvd., Suite 620, Orlando, FL 32801

---

[20] The debtors, however, arguably cannot exempt the inherited IRA under Florida Statute §222.21(2), at least according to two recent decisions: *In re Ard*, 435 B.R. 719, 719 (Bankr. M.D. Fla. 2010); *Robertson v. Deeb*, 16 So.3d 936 (Fla. 2d DCA 2009). The debtors in those cases did not claim an exemption under §522(b)(3)(C) of the Bankruptcy Code.